# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Ryan Miller, | : |
|         Plaintiff | : Docket No. 2:22-CV-03329-KSM |
| vs. | : |
| Thomas Nelling *et al*., | : |
|         Defendant | : |

## DEFENDANT BENJAMIN L. PRATT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

Date:  November 2, 2022                    Respectfully Submitted,

**KEGEL KELIN LITTS & LORD LLP**

*/s/: Jason T. Confair, Esq*.
PA Attorney ID. 206729
24 North Lime Street
Lancaster, PA  17602
P: (717) 392-1100
E: confair@kkll.law

1

**I.     Background**

On August 18, 2022, the Plaintiff filed a Complaint in this matter raising hundreds of numbered allegations, implicating dozens of defendants, and raising ten counts.

It is entirely unclear from the text of the Complaint itself which counts attach to which defendants. Fortunately, however, the Plaintiff explains in the Complaint that not "all named Defendants are alleged to have perpetrated all Counts registered in the Complaint", and points to the "matrix" he attached to the Complaint "which identifies each named defendant and their associated alleged crimes."[1]

Turning to the Plaintiff's matrix, Defendant Benjamin L. Pratt is only a named defendant under Count Nine.[2] That Count purports to raise a cause of action under 18 U.S.C. § 2071.[3] In relevant part, 18 U.S.C. § 2071 imposes criminal liability on any individual who "willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States."

In the Complaint, Mr. Pratt is referenced or alluded to by name or by title (i.e., "Solicitor") in only a handful of allegations – specifically, in paragraphs 87, 88, 94, 95, 96, 215, 281, 282, 283, and 360. Those paragraphs provide, respectively:

> 87.     It is alleged by Defendant Brian Fox, that the Color of Law violation notice was presented to the School Solicitor for their review.
>
> 88.     The solicitor has no legal or ethical standing to use taxpayer funds, to provide legal advice on personal, private legal matters of private citizens, acting outside of their sworn duties or authority.

---

[1] ECF #1 at ¶443
[2] ECF #1 at pg. 100 of 101
[3] ECF #1 at pg. 91 of 101

94.     Private legal matters require seeking private legal advice and not utilizing tax payer funded counsel through the solicitor who is to advise only on school board issues, not personal civil allegations or possible litigation.

95.     The Plaintiff submitted public records requests, which the responses, did not confirm the allegation of the solicitor reviewing or providing a written response to the Color of Law violation notice.

96.     However, Defendant Brian Fox alleged that the Solicitor had been presented the document and that the Solicitor stated that the board had the authority to enforce Policy 903 as written and silence the speech of citizens.

215.    On April 13, 2022, Plaintiff received a letter from Benjamin L Pratt, Octorara School Solicitor, providing a response to the private Letter of Intent to sue, directed at private actors, who are representing members of a school board in violation of their oath.

281.    The School Solicitors actions were a clear conflict of interest and a fiduciary conflict of using taxpayer resources to finance legal advice in a private matter.

282.    Plaintiff attempted to identify tax payer funded expenses to the Solicitor for providing personal legal advice to school board members privately. This request was ignored.

283.    Additional requests to obtain retainer agreements between the private individual school board members and the firm associated with School Solicitor and been sent. These RTKL requests were ignored.

360.    The Plaintiff's public speech at Octorara school board meetings that Defendants have censored, including interactions with school solicitor, Chester County Detectives, Municipal police, District Attorney's office, State Police, and State Police legal counsel.[4]

## II.     Governing Legal Standard

In reviewing a facial attack to a litigant's standing under Federal Rule of Civil Procedure 12(b)(1) and a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the same standard applies. Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (citations omitted). Specifically, accepting all well-pled facts in the Complaint as true, a claim should be dismissed upon motion by the defendant if the claim

---

[4] ECF #1 at ¶¶87, 88, 94, 95, 96, 215, 281, 282, 283, 360

fails to state plausible grounds upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Legal Argument

    **A.    The Plaintiff Has No Standing to Sue Mr. Pratt Under Article III of the United States Constitution.**

To establish Article III standing, a plaintiff must allege, among other things, an "injury" that affects the plaintiff "in a personal and individual way." Arizona Christian School Tuition Organization v. Winn, 563 U.S. 125, 134 (2011), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 at n.1 (1992).

Sifting through the allegations in the Complaint that are quoted above (i.e. paragraphs 87, 88, 94, 95, 96, 215, 281, 282, 283, and 360), the Plaintiff's gripe against Mr. Pratt is that he purportedly received "tax payer fund[s]. . .for providing personal legal advice to school board members privately."[5] However, there is nothing in the Complaint that suggests how the Plaintiff was harmed "in a personal and individual way" by Mr. Pratt's alleged receipt of those "taxpayer funds."

The closest the Plaintiff comes in that respect are the following assertions he raises in paragraphs 78 and 79 of the Complaint:

> 78.    The Plaintiff stated that he is a resident/taxpayer of the Commonwealth of Pennsylvania, a resident within Chester County and is a taxpayer whose funds provide him standing.
>
> 79.    Even though standing is not a lawful obligation requiring validation to exercise one's free speech. Eventually the Plaintiff stated a municipality, within the jurisdiction of the Octorara School district, which Plaintiff has standing and conducts business.[6]

---

[5] ECF #1 at ¶282; see also ¶¶88, 94, 281, 283
[6] ECF #1 at ¶¶78, 79

4

To begin with, those assertions are legal conclusions, not well-pled facts that must be accepted as true. Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")  Furthermore, even if the assertions in paragraphs 78 and 79 of the Complaint could be deemed well-pled facts, the law is clear that "[a]bsent special circumstances. . .standing cannot be based on a plaintiff's mere status as a taxpayer." Winn, 563 U.S. at 134.  No such "special circumstances" are alleged in the Complaint.  See and cf. Winn, 563 U.S. at 138-139, citing Flast v. Cohen, 392 U.S. 83 (1968) (additional citations omitted).  Moreover, as the United States Supreme Court has explained, one of the prudential limitations on Article III standing is that "a litigant must normally assert his own legal interests rather than those of third parties." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985), citing Singleton v. Wulff, 428 U.S. 106 (1976).

The difficulties in using mere taxpayer status to assert the particularized injury necessary to establish Article III standing are amplified in the Plaintiff's case because he does not allege in the Complaint that he actually pays taxes **to the Octorara School District**.  The closest the Plaintiff comes in that respect is his allegation that he is a "resident/taxpayer of the Commonwealth of Pennsylvania".[7]  However, according to the Complaint, the Plaintiff's gripe is the **School District's** expenditure of taxpayer funds to Mr. Pratt for the alleged private benefit of school board members – not the "Commonwealth of Pennsylvania's" expenditures.  See Winn, 563 U.S. at 139, citing Flast, 392 U.S. at 102 ("The second condition for standing under *Flast* is that there must be 'a nexus' between the plaintiff's taxpayer status and 'the precise nature of the constitutional infringement alleged.'").

In sum, "standing cannot be based on a plaintiff's mere status as a taxpayer." Winn, 563 U.S. at 134.  Here, there is no allegation in the Complaint that, even if accepted as true, would

---

[7] ECF #1 at ¶78

5

establish the Plaintiff is actually a taxpayer of Octorara School District.  Thus, the Plaintiff's case for standing is even weaker than that of the typical "taxpayer" who invokes standing by arguing he pays taxes to the government body he wishes to sue.  Viewed in the light most favorable to the Plaintiff, at best he has alleged that he wishes to challenge the Octorara School District's expenditure of taxpayer funds that were paid by *third-party* taxpayers.  However, the Plaintiff has no right to assert the "legal interests" of "third parties." Phillips Petroleum Co., 472 U.S. at 804 (citation omitted).

For those reasons, the Plaintiff lacks standing under Article III to sue Mr. Pratt.

**B.    There Is No Private Cause of Action Under 18 U.S.C. § 2071.  Hence, this Court Does Not Have Subject Matter Jurisdiction Over Any Cause of Action That Attaches To Mr. Pratt.**

As alluded to above, the Plaintiff has only named Mr. Pratt as a defendant under Count Nine of the Complaint.[8]  Turning to the text of the Complaint, Count Nine sounds in "Destruction of Public Records in Violation of 18 U.S.C. § 2071."[9]

The United States Supreme Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone," particularly in situations where the underlying criminal statute is "bare" as to private enforcement.  Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994), citing Cort v. Ash, 422 U.S. 66 (1975).  Consistent with that rule, the courts that have considered the more precise issue of whether 18 U.S.C. § 2071 confers a private right of action have uniformly concluded the answer is "no." Dugar v. Coughlin, 613 F.Supp. 849, 852 at n.1 (S.D.N.Y. 1985) (citations omitted)[10]

---

[8] ECF #1 at ¶443, citing pg. 100 of 101
[9] ECF #1 at pg. 91 of 101
[10] Accord Dunn v. Moll, No. 3:21-cv-1396-HL, 2022 WL 2229488, at *8 (D. Or. May 18, 2022), citing Curry v. GMAC Mortg., No. CV 10-08014 MMM (PLAx), 2010 WL 4553503, at *2 (C.D. Cal. Nov. 3, 2010), citing in turn Ingraham v. Lundrigan, No. 1:10cv01273 LJO DLB, 2010 WL 2942658, at *2 (E.D. Cal. July 23, 2010) (citing, in turn, Dugar).

6

Seeing as the only cause of action that the Plaintiff has raised against Mr. Pratt is for a violation of 18 U.S.C. § 2071 and seeing as Section 2071 confers no private cause of action, the Court lacks subject matter jurisdiction over the Plaintiff's claim against Mr. Pratt.

### C. Even if the Plaintiff Could Establish Article III Standing and Subject Matter Jurisdiction, And He Can Do Neither, He Fails to Allege a Plausible Basis for Relief.

Under 18 U.S.C. § 2071, it is a federal crime to "conceal, remove, mutilate, obliterate, or destroy" or "carry away" any record "deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States."

Even in the highly unlikely event this Court is inclined to be the first court in the United States to grant a plaintiff Article III standing to challenge the expenditure of tax dollars paid by third-parties and the first court in the United States to conclude 18 U.S.C. § 2071 creates private rights, the Plaintiff's claim against Mr. Pratt must still be dismissed.

Count Nine is tied to the Plaintiff's allegations that a request he filed under the Right-to-Know Law for records pertaining to a traffic stop by the Pennsylvania State Police was denied.[11] For three reasons, those allegations, even if accepted as true, would not provide a plausible basis for relief under 18 U.S.C. § 2071.

To begin with, records pertaining to an alleged traffic stop executed by the *Pennsylvania* State Police are not records belonging to the *federal* government that fall within the purview of 18 U.S.C. § 2071.

---

[11] See ECF #1 at ¶¶110, 111, 156, 352, 403, 404 ("Named defendants operated in their own capacity to destroy a public record, *which included exculpatory information. . .*".)

Second, the Plaintiff does not allege he filed any request with **Mr. Pratt** for records relating to the alleged traffic stop, or that Mr. Pratt denied any such request.

Third, even if the Plaintiff had raised allegations to that effect, it would be completely implausible, unprecedented, and illogical to conclude that failure to comply with the Pennsylvania Right-to-Know Law – a state statute that proscribes *civil* penalties for non-compliance – can be treated as a federal crime under 18 U.S.C. § 2071.[12]

For those reasons, standing or no standing, subject matter jurisdiction or no subject matter jurisdiction, the Plaintiff fails to allege plausible grounds in the Complaint on which relief could be granted against Mr. Pratt under 18 U.S.C. § 2071.  Accordingly, the Plaintiff's claim against Mr. Pratt must be dismissed.

**D.     The Plaintiff's Claim Against Mr. Pratt Must Be Dismissed With Prejudice.**

Leave to amend must be denied when amendment would be futile.  Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citation omitted).  "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Id., quoting In re Merck & Co. Sec., Derivative, & ERISA Litig, 493 F.3d 393, 400 (3d Cir. 2007).

Allowing the Plaintiff to amend his claim against Mr. Pratt would be an exercise in futility.  As detailed above, "[a]bsent special circumstances. . .standing cannot be based on a plaintiff's mere status as a taxpayer."  Winn, 563 U.S. at 134.  Those "narrow" and "special circumstances" are cases that involve alleged violations of the Establishment Clause, where the plaintiff pleads facts that would not only establish a "logical link" between the plaintiff's status as a taxpayer and the enactment the plaintiff is attacking, but also facts that establish a "nexus"

---

[12] 65 P.S. § 67.1305, Civil Penalty

8

between the plaintiff's status as a taxpayer and "the precise nature of the constitutional infringement alleged." Winn, 563 U.S. at 138-139, citing Flast, 392 U.S. 83.

The Plaintiff's Complaint outlines many perceived grievances, but none of them have anything to do with an enactment that allegedly violates the Establishment Clause or a nexus between the Plaintiff's status as a taxpayer and any such enactment. Rather, the crux of the Plaintiff's complaint relates to the alleged use of "Policy 903, to silence the Plaintiffs 1st amendment right" to "free speech".[13]

No amendment to the Complaint can change the fact that the alleged violation of one's right to free speech is different from an alleged violation of one's right to freedom of religion. And, there is no exception to the rule against taxpayer standing for speech-based challenges. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332 (2006).

Nor can amending the Complaint change the reality that there is no private cause of action under 18 U.S.C. § 2071.

Similarly, no amendment to the Complaint can change the fact that records generated by the Pennsylvania State Police in connection with an alleged traffic stop are not documents of the federal government.

In conclusion, there is no amendment the Plaintiff can craft to cure his lack of Article III standing, the lack of a private cause of action under 18 U.S.C. § 2071, or the fact that this case has nothing to do with documents that belong to the federal government. Accordingly, granting the Plaintiff leave to amend his claim against Mr. Pratt would be futile. Great Western Mining & Mineral Co., 615 F.3d at 175. As such, Count Nine of the Complaint must be dismissed with prejudice as against Mr. Pratt.

---

[13] ECF #1 at ¶53, see also ¶¶78, 96, 117, 301, 302, and 304

**IV.**     **Conclusion**

For those reasons, Defendant Benjamin L. Pratt's Motion to Dismiss should be granted.

Date:   November 2, 2022                           Respectfully Submitted,

                                                                **KEGEL KELIN LITTS & LORD LLP**

                                                                */s/: Jason T. Confair, Esq*.
                                                                 PA Attorney ID. 206729
                                                                 24 North Lime Street
                                                                 Lancaster, PA  17602
                                                                 P: (717) 392-1100
                                                                 E: confair@kkll.law

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused the foregoing document(s) to be electronically filed on the date listed below through the Court's CM/ECF system and that this document(s) is available for viewing and download from the Court's CM/ECF system. All parties and counsel of record have been served by electronic means in compliance with Local Rule 5.1.2(8)(a).

Date: November 2, 2022                                                                         */s/: Jason T. Confair, Esq*.