IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**   William T. Salzer
Identification Nos. 42657
One Liberty Place – 38th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:  215-299-4346
Fax:    215-299-4301
wsalzer@swartzcampbell.com

**Attorneys for Defendant,**
Jack Laufer

| | |
|---|---|
| JOHN RYAN MILLER, | CIVIL ACTION |
| Plaintiff, | |
| vs. | |
| THOMAS NELLING, et al, | NO. 2:22-CV-03329-KSM |
| Defendants. | |

## DEFENDANT JACK LAUFER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant Jack Laufer, by his undersigned counsel, submits this memorandum of law in support of his motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim and/or lack of compliance with the pleading requirements of Fed. R. Civ. P. 8 (a).

## I.   INTRODUCTION AND STATEMENT OF FACTS

Plaintiff John Ryan Miller, proceeding *pro se*, has instituted this Complaint under 42 U.S.C. §1983 asserting violations of federal constitutional rights under the First, Fourth Amendments and the Equal Protection Clause of the Fourteenth

1

Amendment; 42 U.S.C. §1988; asserting a conspiracy to violate civil rights; claimed violations of federal criminal statutes and a pendent state law claim under the Pennsylvania Sunshine Act, 64 Pa. C.S. §§701-716. The body of the Complaint includes express references to the Octorara School Board and certain officials of the Board and appends a list of 87 individual Defendants (including the Movant and other local law enforcement officials) characterized as a Matrix who are not expressly identified as having engaged in any particular conduct.

These claims include (1) a First Amendment challenge to the Octorara School Board Policy "903" governing the identification of a person's name and address as a pre-condition to making public comments at a school board meeting (Count One); (2) an assertion that his speech at the Octorara School Board meetings has been censored based on its content and viewpoint in violation of the First Amendment (Count Two); (3) a First Amendment challenge to the Octorara School Board Policy "903" based on the right of petition and free speech (Counts Three, Four and Six); and (4) a challenge to Policy 903 as constitutional vague in violation of the Due Process Clause (Count Seven).

The Plaintiff groups the Matrix Defendants for his claims under Count Five (conspiracy to violate civil rights--42 U.S.C. §1983); Count Eight (conspiracy to violate civil rights--18 U.S.C. §242; and Count Nine (destruction of public records--18 U.S.C. §2071. The remainder of the Counts although generically referring to Defendants addresses acts and/or policies of the Octorara School Board with no apparent materiality to the Movant, Jack Laufer, who is the Chief of Police of the City of

Coatesville, Pennsylvania. The Complaint is devoid of any specific factual content pertaining to the Movant, Jack Laufer. For the reasons discussed below, Jack Laufer seeks dismissal of the Complaint against him with prejudice.

## II.    ARGUMENT

### A.    Complaint Violates Short and Plain Statement Requirement of Federal Rule of Civil Procedure 8 (a)(2)

Federal Rule of Civil Procedure 8(a) (2) requires that a plaintiff provide a "short and plain statement" of the claims supporting the plaintiff's request for relief. Fed. R. Civ. P. 8 (a). The purpose of the "short and plain statement" requirement is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Each averment must be simple, concise and direct. Fed. R. Civ. P. 8 (d)(1). Unnecessary prolixity in a pleading creates an unjustified burden on the court and the responding party because they are forced to select the relevant material from a mass of verbiage. Kamdem-Ouaffo v. Huczko, 810 F. App'x. 82, 84 (3d Cir. 2020).

Violations of Rule 8 include complaints that are too long, repetitious or confused. Parker v. Learn the Skills Corp., No. 03-6936, 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. Oct. 25, 2004); Young v. Centerville Clinic, Inc., No. 09-325, 2009 U.S. Dist. LEXIS 70363 (W.D. Pa. Aug. 10, 2009) (haphazard listing of 45 or more paragraphs of repetitive and unclear allegations meant to support numerous legal theories of recovery violated Rule 8).

The Miller Complaint is a 440-paragraph assemblage of rambling and incoherent commentary and accusations, largely not connected to any particular

Defendant other than the Ocotara School District and one state trooper, which fails to inform the movant, Jack Laufer, who is only identified in the body of the Matrix of the factual bases of the lawsuit and Miller's claim for relief against him. The pleading requires the Movant to sift through repetitive, lengthy and confusing allegations to identify what possible claims are directed at Laufer. The sum and substance of the lawsuit appears to be a conclusory averment of a civil rights conspiracy devoid of factual content and references to a records request which Miller propounded to unidentified persons which underlie his averments of a violation of the Pennsylvania Sunshine Act.

Where a complaint fails to comply with the requirements of Rule 8, the court has the power to dismiss the complaint. Marchisotto v. Malik, No. 20-20426 (ZNQ), 2022 U.S. Dist. LEXIS 114921 at *17 (D.N.J. June 29, 2022). Dismissal is reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance is well disguised. Id. While excessive length is not determinative for a dismissal based on Rule 8, the excessive length of a complaint compounded by a lack of clarity deems it unacceptable. Parker, supra at *2, citing In re: Westinghouse Sec. Litigation, 90 F. 3d 696, 703 (3d Cir. 1996). The Miller Complaint is excessively long, obtuse and names the Defendants en masse without any particularities where it appears that the true controversy lies with his challenge of Octorara School Board Policy 903 and its impact on his claimed right to speak at a school board meeting. The Complaint violates the "short and plain statement" requirement of Rule 8 and is deserved of dismissal on that basis.

4

**B. <u>Complaint Does Not Aver Facts Which Would Plausibly
Establish a Right to Relief Against Movant; No Private Right
of Action Exists Under Cited Federal Criminal Codes;
Movant is Not Subject to Suit under Pennsylvania Sunshine
Act</u>**

The threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice to state a claim. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. <u>Bell Atlantic Corp. v. Twombly</u>, 556 U.S. 544, 556 (2007); <u>Koller v. Riley Riper Holland & Colagreco</u>, 850 F. Supp. 2d 502 (E.D. Pa. 2012). Legal conclusions such as allegations of conspiracy to discriminate may be disregarded where the Complaint does not set forth the underlying factual basis for the claim. <u>Id</u>. at 516.

While a *pro se* complaint is held to a less stringent standard than a lawyer drafted pleading, it is still required to set forth sufficient information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). The court need not credit a *pro se* plaintiff's bald assertions or legal conclusions. <u>Marchisotto v. Malik</u>, No. 20-20426 (ZNQ), 2022 U.S. Dist. LEXIS 114921 at *16 (D.N.J. June 29, 2022) (collecting cases). A *pro se* litigant is not excused from the federal pleading requirements of <u>Twombly</u> which requires that the pleading contain facts which plausibly entitle plaintiff to relief. <u>Id</u>. at *18, citing <u>Thakar v. Tan</u>, 372 F. App'x. 325, 328 (3d Cir. 2010). A conspiracy claim must include at least a discernible factual basis to survive a Rule 12

(b)(6) dismissal. <u>Thakar</u>, *supra* at 328. A conspiracy allegation must provide some factual basis to support the existence of the elements of a conspiracy; agreement and concerted action. <u>Id</u>.

In Count Five, Plaintiff accuses the individuals listed in the Matrix attached to the Complaint (including the Movant) as having conspired to violate his First Amendment rights of free speech and petition "by suppressing his written and oral public comments" and by "orchestrating a narrative where [his] potential speech could be criminal in nature of scope." <u>Complaint</u>, ¶385. He avers that all of the identified Defendants on the Matrix endorsed a plan of censorship which the Octorara School Board ratified. <u>Id</u>. at ¶386. The Complaint is devoid of any factual reference specific to the Movant, Jack Laufer (the City of Coatesville Chief of Police). The reference to a conspiracy to violate his civil rights is bereft of any factual basis of an agreement or concerted action and may be summarily dismissed. <u>Koller</u>, *supra*.

In Count Eight, Plaintiff avers that the Defendants including actors representing municipal police, collaborated and conspired to violate his rights under the Fourth and First Amendment under color of state law in violation of 18 U.S.C. §242. 18 U.S.C. §§241-242 provide for criminal sanctions for certain deprivations of civil rights and conspiracy to deprive a person of civil rights. <u>Molina v. City of Lancaster</u>, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001). These sections of the criminal code do not provide a basis for civil liability or a private right of action. <u>Hall v. Sampson</u>, No. 21-cv-4839, 2022 U.S. Dist. LEXIS 102082 at footnote 2 (E.D. Pa. June 8, 2022), citing <u>U.S. ex. rel. Savage v. Arnold</u>, 403 F. Supp. 172, 174 (E.D. Pa, 1975);

6

Leonard v. George Washington University Hospital, 273 F. Supp. 3d 247 (D. D.C. 2017). Count Eight fails to state a claim and should be dismissed.

In Count Nine, Plaintiff purports to state a claim for the destruction of public records in violation of 18 U.S.C. §2071. In this regard, Plaintiff avers that he issued a "public record request" and that the Matrix Defendants in some instances produced the requested material and, in other instances, affirmed the non-existence of a public record or denied that such a record exists. Complaint, ¶403. Plaintiff does not allege to whom a public record request was sent or the content of the request or response. Plaintiff avers that the "named Defendants ... destroy [ed] a public record which included exculpatory information" and [made] fabrications to malign, defame, slander the lawful actions of the Plaintiff". Id. at ¶404. Plaintiff does not identify who destroyed what and makes no express reference to the Movant, Jack Laufer.

An alleged violation of 18 U.S.C. §2071, a federal criminal statute, does not confer a private right of action. Bolick v. Pennsylvania, No. 05-5455 (AET), 2006 U.S. Dist. LEXIS 70422 at *9 (E.D. Pa. Sept. 12, 2006); Dugar v. Coughlin, 613 F. Supp. 849, footnote 1 (S.D. N.Y. 1985). While Plaintiff does not set forth any facts to underpin his assertions of a violation of this statute[1], no private cause of action exists under the statute, such that Count Nine should be dismissed.

---

[1] To the extent that Plaintiff intends to assert claims under the Pennsylvania Right to Know Law, 65 P.S. §67.101, the state courts provide the exclusive forum for litigating claims under the statute. Degenes v. Mueller, 2012 U.S. Dist. LEXIS 10095 at *7-8 (M.D. Pa. Jan. 27, 2012), citing Proffit v. Davis, 707 F. Supp. 182 (E.D. Pa. 1989) (an appeal from a decision of an "agency" under the Right to Know Law must be brought before the court of common pleas where the local agency is located).

In Count Ten, Plaintiff avers that the Matrix Defendants violated the Pennsylvania Sunshine Act, 64 Pa. C.S. §§701-716. The Complaint contains no express reference to the Movant, Jack Laufer and states only that the Defendants "prevented a full public presentation, announcement, access or visibility to public record information regarding items discussed during public meetings". Complaint, ¶406. The remainder of the averments of Count Ten are related to the Octorara School Board and meeting minutes which do not relate to the Movant. By way of example, Plaintiff avers that the Defendants have a pattern and practice of producing incomplete meeting minutes. The only identified meeting minutes are those of the Octorara School Board. Id. at ¶407-408.

Under the Sunshine Act, an action can be brought by a person to challenge actions of an *agency* whose act is complained of. 65 Pa. C.S. §715. Defendant Laufer is not a public agency under Pennsylvania law and is not subject to suit under that statute. Gaus v. Pocono Mt. Regional Police Commission, No. 3:17-1053, 2017 U.S. Dist. LEXIS 182706 at *21 (M.D. Pa. Nov. 3, 2017), citing Ristau v. Casey, 647 A. 2d 642, 646 (Pa. Comm. 1994). In addition to the fact that the Sunshine Act does not confer a remedy against individuals and the Complaint identifies no public meeting involving the Movant, any legal challenge alleging violations of the Sunshine Act must be brought within 30 days of the date of an open meeting or 30 days from the date of discovery of an alleged closed meeting, but no more than one year after the date of the meeting in question. 65 Pa. C.S. §713. Plaintiff's claims under the Sunshine Act are time-barred as they relate to a meeting held by the Octorara School

8

District Board on January 24, 2022 and February 21, 2022. Accordingly, Plaintiff's Complaint fails to state a cause of action under the Sunshine Act against Defendant Jack Laufer and should be dismissed with prejudice.

As discussed above, the remaining Counts appear to be directed solely to the Octorara School District and the constitutionality of its Policy "903" as it impacts on the Plaintiff's claimed rights of free speech or petition. As the factual basis of the remaining counts are unrelated to Mr. Laufer, the Complaint should be dismissed with prejudice.

## C. Amendment of the Complaint Would Be Futile-Dismissal Should Be With Prejudice

Where a complaint is dismissed for failure to state a claim upon which relief may be granted, a plaintiff is granted the opportunity to amend his complaint unless amendment would be inequitable or futile. Lawson v. National Continental-Progressive Ins. Co., 347 Fed. Appx. 741, 744 (3d Cir. 2009). Where there are no set of facts that can cure a claim that lacks a legal foundation, such a claim should be dismissed with prejudice because any attempt to amend would be futile. Lanier v. Wachovia Bank, 2010 U.S. Dist. LEXIS 28548 at *5 (E.D. Pa. March 24, 2010).

It is clear that there are no potential factual averments that could support a cause of action for the Plaintiff's claims of a violation of federal criminal statutes or the Pennsylvania Sunshine Act which should be dismissed with prejudice. As to the Section 1983 claim based on a purported conspiracy to violate civil rights, it is plainly apparent that the Plaintiff appended a list of numerous public officials who he claims received a communication from the Chester County Detectives Office, but who are

otherwise not alleged to have engaged in any action.  The naming of Defendant Laufer is frivolous and any attempt at amendment would be futile; consequently, Defendant Jack Laufer requests that the Complaint against him be dismissed with prejudice.

### III.    Conclusion

For the above stated reasons, Defendant Jack Laufer requests that its Motion to Dismiss be granted and that the Complaint against him be dismissed with prejudice.

Respectfully submitted,

SWARTZ CAMPBELL LLC

_____

William T. Salzer
Attorneys for Defendant,
Jack Laufer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:    William T. Salzer
Identification Nos. 42657
One Liberty Place – 38th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:   215-299-4346
Fax:      215-299-4301
wsalzer@swartzcampbell.com

**Attorneys for Defendant,**
Jack Laufer

---

JOHN RYAN MILLER,

                                          Plaintiff,

            vs.

THOMAS NELLING, et al,

                                          Defendants.

CIVIL ACTION

NO. 2:22-CV-03329-KSM

---

. **CERTIFICATE OF SERVICE**

     William T. Salzer, Esquire, hereby certifies that a true and correct copy of the

attached Memorandum of Law in Support of Motion to Dismiss the Plaintiff's

Complaint was served upon all interested parties, either electronically and/or by

United States mail, first class, postage prepaid on November 7, 2022.

                              SWARTZ CAMPBELL LLC

                              _____
                              William T. Salzer
                              Attorneys for Defendant,
                              Jack Laufer