IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RYAN MILLER, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS NELLING, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 22-3329-KSM |

MEMORANDUM

**MARSTON, J.**                                                                                                  **March 31, 2023**

*Pro Se* Plaintiff John Ryan Miller brings this action against dozens of school district officials and law enforcement officers from various localities across southeastern Pennsylvania. (*See* Doc. No. 1.) Plaintiff contends that the Octorara School District's enforcement of its public participation policy is unconstitutional, and that members of the school board conspired with local public servants to prevent him from speaking at or attending school board meetings on behalf of a group of parents. (*Id.* at 66–93.) Presently before the Court are 33 motions to dismiss, by which 55 defendants ("Moving Defendants") seek dismissal of Counts VIII and IX. (Doc. Nos. 108, 141, 147, 166, 167, 168, 169, 170, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 211.)[1] Moving Defendants argue that Count VIII and Count IX fail to state a claim upon which relief can be granted because they assert violations of criminal statutes that do not provide private rights of action. (*Id.*) Plaintiff opposes

---

[1] Several defendants also filed replies in support of their motions. (*See* Doc. Nos. 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 247.)

1

the motions. (Doc. Nos. 171, 175, 230, 248, 250.) For the following reasons, Moving Defendants' motions are granted.

I.  **FACTUAL BACKGROUND**

Because we write for the benefit of the parties, who are familiar with the issues before us, we include only a brief recitation of the relevant facts.[2] Accepting all of Plaintiff's allegations as true, the facts are as follows.

Plaintiff attended an Octorara School District board meeting on January 24, 2022, after he had been "engaged by several parents of students enrolled in Octorara School District" to attend the meeting on their behalf and speak during the public comment period.[3] (Doc. No. 1 at ¶¶ 38, 73.) Before making his public comment, Plaintiff was required to provide his name and state his residence in accordance with "District Policy 903." (*Id.* at ¶¶ 74–90.) Following the meeting, Plaintiff emailed Chester County law enforcement officials, explaining that he believed his rights were violated by the school board members and that District Policy 903 was unconstitutional. (*Id.* at ¶ 104.) He promised that he would "seek redress/remedy if Plaintiff's rights were violated further." (*Id.*) To that end, he provided law enforcement with "role-play scenarios, which created a base of expectations and how the Plaintiff would conduct himself if/when Plaintiff could encounter law enforcement" and described "actions [Plaintiff would take] if Plaintiff were to encounter public servants who might violate their oath to their position." (*Id.* at ¶¶ 102–08.) The Chester County District Attorney's Office, in conjunction with the Chester County Police

---

[2] The Court recently recounted the facts of this case at length in a Memorandum Opinion published on February 8, 2023. (Doc. No. 254.)

[3] Plaintiff's engagement was "related to parental concerns, regarding actions/consequences, resulting from policy enforcement, mandates, guidelines and other harms which children were experiencing within Octorara School District through their administration and actions through elected School Board members." (Doc. No. 1 at ¶ 38.)

2

Department, subsequently circulated Plaintiff's correspondence to other local police departments via email, "with the implication that the Plaintiff's exercise of his constitutional rights is suspicious and allegedly suggest criminal behavior in nature." (*Id.* at ¶ 109.)

Upon learning of this email correspondence, Plaintiff requested communications between "Chester County Detectives, local law enforcement, Pennsylvania State Troopers, [and] School Board officials, through the RTKL [Pennsylvania's Right-to-Know Law, 65 PA. CONS. STAT. §§ 67.101–67.3104] process," regarding Plaintiff's interactions or grievances with the Octorara School Board. (*Id.* at ¶¶ 119, 283, 290.) According to Plaintiff, these RTKL requests "produced no documents." (*Id.* at ¶ 119.) Plaintiff asserts that no documents were produced because any documents were destroyed by Moving Defendants. (*Id.* at ¶¶ 402–04.) Following an attempt to attend another board meeting on February 14, 2022, and an incident with Pennsylvania State Troopers at a school board meeting on March 21, 2022, Plaintiff was ultimately banned from Octorara School District property. (*Id.* at ¶¶ 159–94.)

## II.     PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on August 18, 2022, challenging the constitutionality of District Policy 903 and alleging that members of the Octorara School Board conspired with local public servants to prevent him from speaking at or attending school board meetings. (*Id.*) Plaintiff brings ten[4] counts against 84 total defendants. (*Id.* at ¶¶ 330–412.) More specifically, Plaintiff brings only Count VIII and Count IX against 60 of those 84 defendants, 55[5] of whom have filed the

---

[4] At the end of his Complaint, Plaintiff attached a "Defendant Matrix" that identifies the specific claims brought against each defendant. (Doc. No. 1 at 100–01.) There appears to be a typographical error in Plaintiff's "Defendant Matrix." Although it includes a "Count XI," there is no Count XI articulated in the body of the Complaint.

[5] The remaining five defendants against whom Plaintiff also brings only Counts VIII and IX are: Gerald Bonmer, Matt Williams, Sanjay Bridges, John Frye, and Raymond Stevenson. Defendant Bonmer filed a motion for more definite statement in this case, which the Court denied, and subsequently ordered

following motions to dismiss:[6]

| Motion | Filing Defendant(s) |
|---|---|
| Doc. No. 108 | Benjamin Pratt |
| Doc. No. 141 | Dixie Strachnik |
| Doc. No. 147[7] | Jack Laufer |
| Doc. No. 166 | Frank Galbraith<br>Dolores D'Amore<br>Mary Friedberg |
| Doc. No. 167 | Timothy Parker |
| Doc. No. 168 | Howard Holland<br>Georgene Carbo[8] |
| Doc. No. 169 | James Morehead |
| Doc. No. 170 | Eric Hughes |
| Doc. No. 178 | William Mossman<br>Chris Yeager<br>Joe Miles<br>Mike Beaty<br>Timothy Brown<br>John DeMarco<br>Michael Swinginger[9]<br>Gerald Simpson |
| Doc. No. 179 | Marc Partee |
| Doc. No. 180 | William Holdsworth |

---

Defendant Bonmer to respond to Plaintiff's Complaint by April 17, 2023.  (Doc. Nos. 255, 272.)  Defendants Williams, Bridges, and Frye were dismissed on February 22, 2023 for lack of prosecution, due to Plaintiff's failure to timely serve the Complaint.  (Doc. No. 273.)  And Defendant Raymond Stevenson filed a motion to dismiss in conjunction with Defendants Erin Burlew, Kevin Kochka, Melissa Laughlin, Andrew Lovette, William Rozier, Rachel Zeltman, and Sharon Maitland.  (Doc. No. 206.)  That motion is still under advisement.

[6] Plaintiff brings either Count VIII or Count IX, or both, against the Moving Defendants.  The Court need not specify which counts are brought against which defendants because, as explained within, neither Count VIII nor Count IX are viable causes of action.

[7] Defendant Laufer responded to Counts X, VIII, IX and X in his motion to dismiss.  (*See* Doc. No. 147 at 6 –8.)  But according to the Defendant Matrix, Defendant Laufer has only been named in Count IX.  (*See* Doc. No. 1 at 100.)

[8] Defendant Carbo is incorrectly identified as "Georgene D'Carbo" in the Complaint.  (Doc. No. 168 at 2.)

[9] Defendant Swinginger is incorrectly identified as "Michael Swininger" in the Complaint.  (Doc. No. 178 at n.11.)

| Motion | Filing Defendant(s) |
|---|---|
| Doc. No. 181 | Tracey Laws<br>Mitchell Rock<br>Robert Clarke<br>Brian Sheller<br>Joseph Elias<br>Kevin Pierce<br>Michael Carroll<br>Jessica Harpel[10] |
| Doc. No. 182 | Diane Moore |
| Doc. No. 183 | Lisa Taraschi |
| Doc. No. 184 | Samuel Iacono<br>Maria Zavala[11] |
| Doc. No. 185 | Calvin Wilson |
| Doc. No. 186 | Scott Alexander |
| Doc. No. 187 | Michael Hawley |
| Doc. Nos. 188, 205[12] | Ryan White |
| Doc. No. 189 | Shane Clark |
| Doc. No. 192 | Matthew Gordon |
| Doc. No. 193 | Yvette Johnson |
| Doc. No. 194 | Lee Benson[13]<br>Jennifer Keller |
| Doc. No. 195 | Thomas Siedenbuehl |
| Doc. No. 196 | Jeff Kimes |
| Doc. No. 197 | Louis Marcelli[14] |
| Doc. No. 198 | Richard Finfrock[15] |
| Doc. No. 199 | Thomas Nelling |
| Doc. No. 200 | Brian Marshall<br>Danielle Wade |

---

[10] Defendant Harpel is incorrectly identified as "Jeassica Harper" in the Complaint. (Doc. No. 181 at 8.)

[11] Defendant Zavala is incorrectly identified as "Maria Avala" in the Complaint. (Doc. No. 184 at 3.)

[12] Defendant White's motion to dismiss was filed on December 5, 2022. (Doc. No. 188.) The following day, he filed a praecipe to substitute his brief due to an error in his original filing. (Doc. No. 205.) The Court will construe Defendant White's substituted brief as the operative document in considering Defendant White's motion.

[13] Defendant Benson was mistakenly named twice in the Complaint and in the "Defendant Matrix." (Doc. No. 1 at 4, 101.)

[14] Defendant Marcelli was mistakenly named twice in the Complaint and in the "Defendant Matrix." (Doc. No. 1 at 3, 100.)

[15] Defendant Finfrock was mistakenly named twice in the Complaint and in the "Defendant Matrix." (Doc. No. 1 at 2, 100.)

5

| Motion | Filing Defendant(s) |
|---|---|
| Doc. No. 201 | Brenda Bernot |
| Doc. No. 202 | Matthew Delchert<br>Ann Gery |
| Doc. No. 203 | Michelle Major<br>Joseph Heyman |
| Doc. No. 211 | Robert LaCourt |

The above-named defendants argue, *inter alia*,[16] that Counts VIII and IX must be dismissed because they are based on criminal statutes that do not afford a civil cause of action. (Doc. No. 108 at 6–7; Doc. No. 141 at 6–7; Doc. No. 147 at 6–7; Doc. No. 166 at 11–20; Doc. No. 167 at 10; Doc. No. 168 at 12; Doc. No. 169 at 10; Doc. No. 170 at 10–11; Doc. No. 178 at 10; Doc. No. 179 at 6–7; Doc. No. 180 at 5–6; Doc. No. 181 at 14; Doc. No. 182 at 9–10; Doc. No. 183 at 9–10; Doc. No. 184 at 10; Doc. No. 185 at 9–11; Doc. No. 186 at 10–12; Doc. No. 187-2 at 7; Doc. No. 205-1 at 8; Doc. No. 189-2 at 7; Doc. No. 192-2 at 7; Doc. No. 193-2 at 7; Doc. No. 194-2 at 7–9; Doc. No. 195-2 at 7; Doc. No. 196-2 at 7.; Doc. No. 197-2 at 7–9; Doc. No. 198-2 at 7; Doc. No. 199-2 at 7; Doc. No. 200 at 7–8; Doc. No. 201-2 at 7–9; Doc. No. 202-2 at 7–9; Doc. No. 203-2 at 7–9; Doc. No. 211-1 at 2.) Plaintiff opposes these motions, but notably, does not address Moving Defendants' arguments that his civil claims cannot be brought under the criminal statutes he has identified. (*See* Doc. Nos. 171, 175, 230, 248, 250.)[17]

---

[16] The Court acknowledges that Moving Defendants have made additional arguments for dismissal based on Article III standing, Rule 8(a)(2)'s "short and plain statement" requirement, improper service, and qualified immunity. Here, because the Court finds that Counts VIII and IX fail to state a claim upon which relief can be granted as Plaintiff's claims invoke criminal statutes, the Court need not address any alternative arguments raised in these motions to dismiss.

[17] Plaintiff also filed hundreds of pages of "exhibits" on the docket, which he claims support his opposition to Moving Defendants' motions. (*See* Doc. Nos. 149, 172, 214.) But "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

**III.     LEGAL STANDARD**

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to dismiss, courts "must accept the allegations in the complaint as true, but are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted).

"While a plaintiff's factual allegations must be enough to raise a right to relief above a speculative level, complaints filed *pro se* must be liberally construed." *Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015) (cleaned up); *see also Smith v. Shop Rite*, Civil Action No. 3:17-cv-0907, 2018 WL 2424136, at *2 (M.D. Pa. May 9, 2018) (noting that although "[a] complaint by a pro se litigant is to be liberally construed," "pro se litigants still must allege sufficient facts in their complaint to support a claim" (cleaned up)); *Strader v. U.S. Bank Nat'l Ass'n*, Civil Action No. 2:17-cv-684, 2018 WL 741425, at *5 n.8 (W.D. Pa. Feb. 7, 2018) ("It is true that pro se plaintiffs are not held to the same standard as lawyers when the Court analyzes formal pleadings, but any pleading must still contain sufficient factual allegations that, when accepted as true, state a claim to relief that is plausible on its face." (cleaned up)).

## IV.    DISCUSSION

The Court is guided by the general principle that courts are "reluctant to infer a private right of action from a criminal prohibition alone," especially where the criminal statute is "bare" as to private enforcement.  *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *see also Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (holding that private citizens cannot compel criminal prosecution).  To this end, the Third Circuit has repeatedly held that criminal statutes generally do not create private rights of action.  *See Tezler v. Borough of Englewood Cliffs*, 783 F. App'x 253, 257–58 (3d Cir. 2019); *Timm v. Wells Fargo Bank*, 701 F. App'x 171, 175 (3d Cir. 2017); *Coleman v. Academy Bus, LLC*, 858 F. App'x 584, 585 (3d Cir. 2021); *see also Caterbone v. Lancaster City Bureau of Police*, Civil Action No. 18-CV-2710, 2018 WL 3549266 at *3 (E.D. Pa. July 24, 2018) ("Criminal statutes do not generally provide a basis for a litigant's civil claims, and this Court lacks the authority to initiate criminal proceedings."). The Court addresses Counts VIII and IX in turn, and for the reasons set out below, finds that both counts should be dismissed against Moving Defendants because they rely upon criminal statutes for which there is no private right of action.

### A.    Count VIII

Count VIII is entitled "CONSPIRACY TO VIOLATE CIVIL RIGHTS U.S. CONST. AMENDS. 18 U.S.C. § 242." (Doc. No. 1 at ¶¶ 396–401.)  The statute to which Plaintiff cites—18 U.S.C. § 242—is a federal statute that criminalizes the deprivation of federally protected rights by government officials.[18]  Plaintiff alleges that Moving Defendants acted "under color of law"

---

[18] 18 U.S.C. § 242 reads, in its entirety:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United

and "conspired to convert constitutionally protected rights under the Fourth Amendment, and the First Amendment….[and] the Fourteenth Amendment….in to [sic] suspicious conduct [or] a criminal act" in violation of 18 U.S.C. § 242.  (*Id.* at ¶¶ 397–98.)  Liberally construing his allegations, Plaintiff appears to claim that Moving Defendants violated his First, Fourth, and Fourteenth Amendment rights by corresponding with Chester County law enforcement about Plaintiff's interactions with the Octorara School Board and implying that Plaintiff's behavior at school board meetings was suspicious or criminal in nature.  Plaintiff alleges that this conspiracy to criminalize the exercise of his constitutional rights runs afoul of 18 U.S.C. § 242.

But as Moving Defendants correctly point out, Plaintiff "cannot bring a civil claim under 18 U.S.C. § 242 because § 242 creates no private right of action and none can be implied." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 639 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (citing *Carpenter v. Ashby,* 351 F. App'x 684, 688 (3d Cir. 2009) ("[W]e agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims.  Neither statute creates a civil cause of action.")).  Indeed, the Third Circuit has expressly declined to infer a civil cause of action under 18 U.S.C. § 242 because a statutory civil remedy already exists under 42 U.S.C. § 1983 for individuals whose constitutional rights have been violated.[19]  *See United States v. City of*

---

States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

[19] Plaintiff's Complaint illustrates that he is aware that the proper avenue for seeking relief for an alleged constitutional deprivation is 18 U.S.C. § 1983, as he cites that statute in Counts I, II, III, IV, V, VI, and VII.

*Philadelphia*, 644 F.2d 187, 191–93 (3d Cir. 1980), overruled on other grounds, *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993) ("Persons denied constitutional rights may sue state officials for damages or injunctive relief under 42 U.S.C. §§ 1981, 1982, 1983, and 1985."); *see also Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (confirming that 18 U.S.C. § 242, "which criminalizes the deprivation of rights under color of law" provides "no private right of action for use" by a civil litigant).[20]

Courts in this District have consistently followed this precedent by holding that § 242 cannot be a basis for remedy in a civil suit. *See Hall v. Sampson*, No. 21-CV-4839, 2022 WL 2068248, at *2 n.2 (E.D. Pa. June 8, 2022) ("[A] plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections [18 U.S.C. §§ 241, 242] do not give rise to a civil cause of action."); *Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("It is clear that none of the criminal statues [18 U.S.C. §§ 241, 242] cited by Plaintiff provide him with a private right of action."); *McCauley v. Computer Aid Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006) ("It is well-settled that these criminal statutes [18 U.S.C. §§ 241, 242] cannot be the bases for remedy in a civil suit."), *aff'd*, 242 F. App'x 810 (3d Cir. 2007); *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) ("[T]he Court deems the

---

Nonetheless, he did not attempt to utilize 18 U.S.C. § 1983 in Count VIII or otherwise name the Moving Defendants under other Counts.

[20] The court in *Mikhail* noted that, "No sister circuit has reached a contrary conclusion" as to the lack of private remedy under § 242. 991 F. Supp. 2d at 639 & n.34 (citing *Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (table opinion); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (table opinion); *Owens v. Johnson*, 191 F.3d 452 (6th Cir. 1999) (table opinion); *Nasserizafar v. Ind. Dep't of Transp.*, 546 F. App'x 572, 573–74, No. 13–1827, 2013 WL 5421674, at *1 (7th Cir. Sept. 30, 2013); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (addressing 18 U.S.C. § 241, but following *Cok*, 876 F.2d at 2, and citing language regarding both §§ 241 and 242); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Houck v. Gurich*, 515 F. App'x 724 (10th Cir. 2013)).

Plaintiff's claim for relief pursuant to 18 U.S.C. §§ 241–242 unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff."); *Dunyan v. Jackson*, No. CIV.A. 86-1894, 1986 WL 4810, at *1 (E.D. Pa. Apr. 22, 1986) ("Civil liability may not be based on these statutes [18 U.S.C. §§ 241, 242]."); *Shaffer v. Jennings*, 317 F. Supp. 446, 447 n.2 (E.D. Pa. 1970) ("[18 U.S.C. §§ 241, 242], which provide for punishment by fine or imprisonment for deprivation of certain Federal rights, privileges or immunities, have no application to a civil suit under the Federal Civil Rights Act, 42 U.S.C. § 1981 *et seq.*").

The Court is compelled to find that, as a matter of law, 18 U.S.C. § 242 does not provide Plaintiff with a private right of action. Therefore, Count VIII must be dismissed for failure to state a claim upon which relief may be granted.

### B. Count IX

Count IX is entitled, "DESTRUCTION OF PUBLIC RECORDS IN VIOLATION OF 18 U.S.C. § 2071." (*Id.* at ¶¶ 402–04 (emphasis in original).) The statute to which Plaintiff cites— 18 U.S.C. § 2071—is a federal statute that criminalizes the destruction of public records.[21] Plaintiff alleges that "Defendants identified [in] Defendant Matrix under Claim 9, in response to a

---

[21] 18 U.S.C. § 2071 reads, in its entirety:

> (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term 'office' does not include the office held by any person as a retired officer of the Armed Forces of the United States.

11

public record request, was [sic] denied such a record exists.  Plaintiff [sic] evidence reveals that a document does exist and that the Defendants in ability [sic] to produce such document … affirmed the nonexistence of a public record.  Named defendants operated in their own capacity to destroy a public record, which included exculpatory information, in addition to fabrications to malign, defame, slander, the lawful actions of the Plaintiff." (*Id.* at ¶¶ 403–04.)  Plaintiff appears to allege that Chester County law enforcement officials emailed local police departments and security personnel about Plaintiff's grievances with the Octorara School Board, and when Plaintiff requested documentary proof of any responses to that email, his RTKL requests on this subject did not produce any documents.  Plaintiff claims that these documents were not produced because they were destroyed by Moving Defendants.

Again, Plaintiff seeks a civil remedy under a criminal statute that does not provide a private right of action.  Courts both in and outside of this Circuit have held that 18 U.S.C. § 2071 cannot be invoked in a civil suit.  *See James v. N.J. Dep't of Health & Senior Servs.*, No. 318CV10461BRMTJB, 2020 WL 5758154, at *6 (D.N.J. Sept. 28, 2020), *aff'd*, No. 20-3038, 2022 WL 1564191 (3d Cir. May 18, 2022) (dismissing civil claim under § 2071 because there was no private right of action available to a plaintiff under the statute); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (holding there is no private right of action arising under § 2071); *see also Trapp v. State*, No. 320CV10404BRMZNQ, 2021 WL 2680244, at *8 n.10 (D.N.J. June 30, 2021) (relying on *Dugar* in finding that no private right of action is available under § 2071); *Winston v. Daniels*, No. 1:10-CV-74-SJM, 2011 WL 2680282, at *16 (W.D. Pa. July 8, 2011) (citing *Dugar* for the proposition that there is no civil remedy for § 2071).  In light of this precedent, the Court finds that Plaintiff cannot seek relief under 18 U.S.C. § 2071 for Moving Defendants'

alleged destruction of public records.  Therefore, Count IX must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff challenges Moving Defendants' failure to provide public records requested pursuant to the RTKL, the Court lacks jurisdiction over this claim "because state courts provide the exclusive forum for litigating under that statute."  *Olick v. Pennsylvania*, No. CV 15-5786, 2016 WL 6679880, at *4 (E.D. Pa. Nov. 14, 2016), vacated in part on other grounds, 739 F. App'x 722 (3d Cir. 2018) (quoting *Hill v. Supervisor*, No. 97–cv–4996, 1998 WL 175879, at *2 (E.D. Pa. Apr. 8, 1998)); *McCullough v. County of Allegheny*, No. CV 16-534, 2016 WL 7116640, at *2 (W.D. Pa. Dec. 7, 2016) (federal courts lack jurisdiction to compel the production of documents requested under the RTKL); *Degenes v. Mueller*, No. CIV.A. 11-916, 2012 WL 260038, at *3 (W.D. Pa. Jan. 27, 2012) (granting motion to dismiss plaintiff's RTKL claim for lack of subject matter jurisdiction).

Chapter 11 and 13 of the RTKL provide the appropriate method of relief when a state agency denies a citizen's document request.  *See* 65 PA. CONS. STAT. §§ 67.1101–67.1310.  Plaintiff must first file an appeal with "the Office of Open Records or judicial, legislative or other appeals officer" to review the agency's denial.  *Id.* § 67.1101.  Plaintiff may seek judicial review of that appeal with either the Commonwealth Court (if the document is in the custody of a Commonwealth agency) or the Court of Common Pleas for the county where the local agency is located (if the document is in the custody of a local agency).  *Id.* §§ 67.1301, 67.1302.  This statutory remedy is exclusive; it does not permit judicial review at the federal level.  *See Proffitt v. Davis*, 707 F. Supp. 182, 188 (E.D. Pa. 1989) ("Thus, original exclusive jurisdiction to entertain review of action denying a citizen's access to information within the control of the DER lies in the Commonwealth Court of Pennsylvania, not in the United States District Court for the Eastern

District of Pennsylvania."); *see also Wiley v. Woods*, 141 A.2d 844, 849 n.9 (Pa. 1958) (confirming that the RTKL's judicial review provision "provides the exclusive remedy to a person denied the right of examination and inspection of public records."). For these reasons, Count IX dismissed on this alternative basis.[22]

### C. Leave to Amend

The Court acknowledges that, especially in civil rights cases, *pro se* plaintiffs are usually afforded an opportunity to amend a complaint. *See Brayboy v. Johnson*, No. CV 17-4371, 2018 WL 6018863, at *18 (E.D. Pa. Nov. 16, 2018) (citing *Alston v. Parker*, 363 F3d 229, 235–36 (3d Cir. 2004)). But "a district court need not permit a curative amendment if such an amendment would be inequitable or futile, or there has been some showing of bad faith, undue delay, or prejudice." *Id.*; *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("If a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *White v. Bush*, No. CV 20-2059-KSM, 2021 WL 2255981, at *6 (E.D. Pa. June 3, 2021) *(*quoting *Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008)); *Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 271 n.6 (3d Cir. 2020) ("The standard for assessing futility is the same standard of legal sufficiency as applies under…12(b)(6)."). Where leave to amend would not cure a plaintiff's failure to state a plausible claim for relief, the district court may dismiss the claim with prejudice. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996).

Courts have routinely denied leave to amend for claims brought under criminal statutes because amendment would be futile. *See Brown v. City of Phila. Office of Human Res.*, 735 F.

---

[22] "The dismissal is without prejudice to plaintiff's right to file the claims in the appropriate forum." *Olick*, 2016 WL 6679880, at *4 (citing *Degenes v. Mueller*, 2012 WL 260038, at *3).

App'x 55, 56 n.2 (3d Cir. 2018) (finding the district court did not err in denying leave to amend where plaintiff asserted civil violations of criminal law); *Mikhail*, 991 F. Supp. 2d at 639–40 ("As there is no meritorious argument under any theory that would give Mr. Mikhail the authority to bring suit, criminal or civil, under 18 U.S.C. § 242, his claims in Counts I and II brought pursuant to § 242 must be dismissed with prejudice."); *Molina*, 159 F. Supp. 2d at 823 (dismissing plaintiff's claims under 18 U.S.C. §§ 241–242 with prejudice); *Johnson v. Koehler*, No. 3:14-CV-1490, 2015 WL 1470948, at *21 (M.D. Pa. Mar. 31, 2015) (dismissing claim brought under 18 U.S.C. § 1622 with prejudice, as "there is no private action for damages to enforce federal perjury statutes"); *Winston v. Daniels*, No. 1:10-CV-74-SJM, 2011 WL 2680282, at *16 (W.D. Pa. July 8, 2011) (denying leave to amend plaintiff's claims brought under criminal statutes because they "suggest no basis for the existence of a viable legal claim"); *cf. Ford v. Se. Pa. Transp. Auth.*, 374 F. App'x 325, 326 (3d Cir. 2010) (affirming district court's dismissal of claim without leave to amend because the claim was "without any viable legal basis" given that "no private right of action lies against a state actor under § 1981"); *Shrieves v. Phila. Facilities Mgmt. Corp.*, No. CV 19-4865-KSM, 2020 WL 7240450, at *8 n.12 (E.D. Pa. Dec. 8, 2020) (denying leave to amend claim made under § 1981 because "Section 1983 remains the exclusive remedy for violations of Section 1981 by a state actor.").

The statutes cited in Counts VIII and IX do not provide private causes of action. Moreover, federal court is not the proper forum for Plaintiff's sought-after relief under the RTKL. Even if the Court granted leave to amend, Plaintiff cannot state a plausible claim for relief under either statute. For this reason, amendment would be futile. Accordingly, Counts VIII and IX are dismissed against Moving Defendants without leave to amend.

## V.     CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted in Counts VIII and IX and Moving Defendants' motions to dismiss are granted. An appropriate Order follows.