**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN RYAN MILLER**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 22-3329-KSM** |
| **THOMAS GOGGIN, et al.,** | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                                                               **May 4, 2023**

      *Pro se* Plaintiff John Ryan Miller brings this action against dozens of school district officials and law enforcement officers from various localities across southeastern Pennsylvania. (*See* Doc. No. 1.)  Plaintiff contends that the Octorara School District's enforcement of its public participation policy is unconstitutional, and that members of the school board conspired with local public servants to prevent him from speaking at or attending school board meetings.  (*Id.* at 66–93.)  Among the named defendants are Defendants Erin Burlew, Kevin Kochka, Melissa Laughlin, Andrew Lovette, Sharon Maitland, William Rozier, Raymond Stevenson, and Rachel Zeltman (collectively, the "Commonwealth Defendants") and Defendant Gerald Bonmer.[1] Presently before the Court is the Commonwealth Defendants' Motion to Dismiss (Doc. No. 206) and Defendant Bonmer's Motion to Dismiss (Doc. No. 281), by which they seek dismissal of

---

[1] Defendant Sharon Maitland is a Deputy Attorney General for the Commonwealth of Pennsylvania; she is incorrectly identified as "Sharen Maittland" in the Complaint.  (Doc. No. 206-1 at 5.)  Defendants Erin Burlew, Rachel Zeltman, Andrew Lovette, William Rozier, Melissa Laughlin, and Kevin Kocha are employees of the Pennsylvania State Police.  (*Id.*)  Defendant Raymond Stevenson serves as the Chief of Police for West Chester University.  (*Id.*)  And Defendant Bonmer serves as the Police Chief of the Coatesville Veterans Affairs Medical Center Police Department.  (Doc. No. 281 at 1.)  He is incorrectly identified as "Gerald Boomer" in the Complaint.  (Doc. No. 1 at 1, 3.)

Plaintiff's Complaint it its entirety.  Plaintiff has not responded to either motion, both of which are ripe for the Court's consideration.  For the following reasons, the motions are granted.

## I.    BACKGROUND

Plaintiff filed this lawsuit on August 18, 2022.  (Doc. No. 1.)  He asserts ten counts[2] against 84 defendants, arising out of alleged violations of the First Amendment, Fourteenth Amendment, two federal criminal statutes, *see* 18 U.S.C. §§ 242, 2071, and the Pennsylvania Sunshine Act, *see* 65 PA. CON. STAT. §§ 701–716. (*Id.* at ¶¶ 330–412.)  Plaintiff attached a "Defendant Matrix" at the end of his Complaint, which identifies the specific claims brought against each defendant.  (*Id.* at 100–01.)  Here, he brings Counts I–IX against the Commonwealth Defendants, except for Defendant Stevenson, who is named only in Counts VIII and IX.[3]  Defendant Bonmer is named only in Count IX.

### A.    The Commonwealth Defendants' Motion to Dismiss

The Commonwealth Defendants filed a motion to dismiss the Complaint on December 6, 2022.  (Doc. No. 206.)  The following day, on December 7, 2022, the Court granted Plaintiff's request for an extension to respond to various motions to dismiss, including the Commonwealth Defendants' motion.  (Doc. No. 208; *see also* Doc. No. 190 ("The Plaintiff is seeking relief or similar latitude in the timing to provide a response to motions…. Plaintiff is seeking a 2-week

---

[2] There appears to be a typographical error in Plaintiff's "Defendant Matrix" which lists a "Count XI," but there is no Count XI in the body of the Complaint.  (Doc. No. 1 at 100.)

[3] Plaintiff's Defendant Matrix appears to include a typographical error, in which Defendant Stevenson's name appears next to another defendant's identifying information (*i.e.*, position information, employer information, and email address).  (*See* Doc. No. 1 at 101.)  Defendant Stevenson's identifying information, meanwhile, is listed next to another defendant's name.  (*Id.*)  Because of this error, it is unclear whether Defendant Stevenson is named only in Count IX, or in Counts VIII and IX.  But, as explained within, the Court need not determine which Count was brought against Defendant Stevenson, because Plaintiff failed to respond to Defendant Stevenson's motion to dismiss.  Moreover, for the reasons stated below, *see infra*, neither Count VIII nor Count IX is a viable cause of action.

extension in an attempt to address all motions to dismiss which have been registered as of 12/5/2022.").)  Due to the overwhelming volume of motions pending against Plaintiff, the Court directed Plaintiff to respond to any motion filed after December 5, 2022, "no later than February 3, 2023."  (Doc. No. 208.)  Plaintiff was granted two months to respond to the Commonwealth Defendants' motion.  That deadline came and went; Plaintiff failed to respond.[4]

On February 9, 2022, realizing that Plaintiff had missed the response deadline, the Court *sua sponte* granted Plaintiff another extension to respond to Defendants' motion.  (*See* Doc. No. 257.)  The Court specifically noted that Plaintiff had not responded to "Defendants Erin Burlew, Kevin Kochka, Melissa Laughlin, Andrew Lovette, Sharon Maitland, William Rozier, Raymond Stevenson, and Rachel Zeltman's Motion to Dismiss (Doc. No. 206)" and that Plaintiff should file a response by February 16, 2023, or the Court would grant the motion as unopposed.  (*Id.* at n.1 ("Plaintiff has submitted responses to most of the motions to dismiss filed in this case, however, he has not submitted a response to either of the motions identified as Doc. No. 204[5] and Doc. No. 206 on ECF.  Plaintiff's response to these motions was due on February 3, 2023. Plaintiff indicated in his response filed on January 6, 2023, that he intended to provide a 'specific response' to these motions, but he has yet to do so.  Under this Court's local rules, a motion to dismiss may be granted as uncontested if a party does not timely respond.  Because the Court is mindful that Plaintiff is proceeding *pro se*, the Court will extend Plaintiff a brief extension to

---

[4] Notably, Plaintiff timely responded to all other motions to dismiss that were filed after December 5, 2022.  (*See* Doc. Nos. 230, 251, 275.)

[5] As of February 9, 2023, Plaintiff had also not responded to Defendants Robert Dougherty, Thomas Goggin, John O'Donnell and David Sassa's Motion to Dismiss (Doc. No. 204).  He was granted the same extension to respond to that motion as Defendants' motion.  Plaintiff promptly filed a timely response to Doc. No. 204 on February 13, 2023 (Doc. No. 275)—before the February 16, 2023, deadline—but notably, never filed a response to Doc. No. 206.

respond to Defendants' motions." (internal citations omitted)).)  That deadline came and went; Plaintiff again failed to respond.

### B.    Defendant Bonmer's Motion to Dismiss

On December 9, 2022, Defendant Bonmer filed a Motion for More Definite Statement, seeking clarification as to the factual grounds and legal allegations Plaintiff asserted against him, which Plaintiff opposed.  (*See* Doc. Nos. 209, 213, 228.)  For the reasons set out in the Court's February 8, 2023 Memorandum, Defendant Bonmer's motion was denied.  (Doc. No. 254.)  The Court ordered Defendant Bonmer to respond to the Complaint by April 17, 2023.[6]  (Doc. No. 272.)

Defendant Bonmer timely filed a motion to dismiss the Complaint on April 11, 2023. (Doc. No. 281.)  Accordingly, Plaintiff's response to Defendant Bonmer's motion was due within 14 days of filing, on April 25, 2023.  *See* Loc. R. Civ. P. 7.1(c).  On April 28, 2023, realizing that Plaintiff's response deadline had passed, and mindful of Plaintiff's status as a *pro se* litigant, the Court issued an Order *sua sponte* granting Plaintiff an extension to respond to Defendant Bonmer's motion by May 3, 2023.  (Doc. No. 282.)  The Court advised that if Plaintiff again failed to respond to Defendant Bonmer's motion, it would grant the motion as uncontested.  (*Id.*)  The Court also noted that Plaintiff had been warned of this potential consequence no less than *four* times during the pendency of this matter.  (*Id.* at n.1 ("As the Court has warned Plaintiff several times before, (*see* Doc. Nos. 208, 210, 249, 257), under this

---

[6] The Court originally ordered Defendant Bonmer to respond to the Complaint by February 22, 2023. (Doc. No. 255.)  But, following a joint status update submitted to the Court by Plaintiff and Defendant Bonmer on February 15, 2023, the Court granted Defendant Bonmer's request for an extension over Plaintiff's objection.  (*See* Doc. No. 272 at n.3 ("The Court understands that Plaintiff objects to Defendant Bonmer's requested 60-day extension to respond to the Complaint, however, the U.S. Attorney's Office only recently accepted service of the Complaint on February 14, 2023…. [W]e grant Defendant Bonmer's request for an extension of his response deadline in accordance with Rule 12(a)(3).").)

Court's local rules, a party must respond to a motion within 14 days of filing, or the motion will be granted as uncontested.").)  The response deadline came and went; Plaintiff failed to respond.

Accordingly, the Court considers both the Commonwealth Defendants' motion to dismiss, and Defendant Bonmer's motion to dismiss, as uncontested.

## II.    DISCUSSION

Where a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested under the local rules.  *See* Loc. R. Civ. P. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  *In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P 56.*" (emphasis added)); *see also Fleming v. United States VA Med. Ctrs.*, 348 Fed. App'x. 737, 738 (3d. Cir. 2009) (affirming district court's grant of a defendant's motion to dismiss pursuant to Rule 7.1(c) as "within its authority," where the plaintiff failed to respond after approximately four weeks); *Abdulhay v. Abdulhayoglu*, No. 5:22-CV-02066-JMG, 2022 WL 6768194, at *3 n.3 (E.D. Pa. Oct. 11, 2022) ("It is within a district court's discretion to grant a motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c).").

The Court acknowledges that the Third Circuit generally disfavors the disposition of a motion to dismiss for failure to comply with a procedural rule.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted.  Rather, it is dismissed as a sanction for failure to comply with the local court rule.").  Instead, it is preferred that a district court undertake a

merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss.

*See Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to

dismiss should not be granted without an analysis of the merits of the underlying complaint,

notwithstanding local rules regarding the granting of unopposed motions."); *Stackhouse*, 951

F.2d at 30 ("[T]his action should not have been dismissed solely on the basis of the local rule

without any analysis of whether the complaint failed to state a claim upon which relief can be

granted, as provided in Fed.R.Civ.P. 12(b)(6).").

This general guidance notwithstanding, the Third Circuit has clarified that the Court's

local rules are not entirely without force and effect:

> In reaching our result, we do not suggest that the district court may
> never rely on the local rule to treat a motion to dismiss as unopposed
> and subject to a dismissal without a merits analysis. There may be
> some cases where the failure of a party to oppose a motion will
> indicate that the motion is in fact not opposed, particularly if the
> party is represented by an attorney and in that situation the rule may
> be appropriately invoked. *Nor do we suggest that if a party fails to
> comply with the rule after a specific direction to comply from the
> court, the rule cannot be invoked.* Thus, our holding is not broad.

*Stackhouse*, 951 F.2d at 30 (emphasis added). Here, Plaintiff has failed to respond to the

Commonwealth Defendants' motion to dismiss and Defendant Bonmer's motion to dismiss,

despite repeated extensions, reminders, and warnings from the Court about his obligation to

engage in motion practice, and the consequences he faced if he failed to do so. The Court is

satisfied that, in light of the procedural record described herein, dismissal of the Commonwealth

Defendants and Defendant Bonmer is appropriate. *Contra. Gary*, 497 F. App'x at 226 ("While

we have said that 'some cases' could be dismissed as unopposed, 'particularly if the party is

represented by an attorney,' *or if the party failed to comply with a court's orders*, that is not the

situation here. The District Court did not give Gary any notice that it was considering the

sanction of dismissal for failure to comply with local procedure." (emphasis added)).

In granting a motion to dismiss under these circumstances, the Third Circuit has further instructed that "a district court must analyze the relevant factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted." *Gary*, 497 F. App'x at 226; *see also Hernandez v. Palakovich*, 293 F. App'x 890, 895 (3d Cir. 2008) ("*Stackhouse* cannot stand for the proposition that a district court may dismiss a case without considering the *Poulis* factors whenever a plaintiff fails to comply with a briefing deadline[.]").  The six *Poulis* factors outlined by the Third Circuit are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure [to participate in the prosecution of the case]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

727 F.2d at 868.  "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint."  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  We address these factors, in turn, below.

(1)     *Personal Responsibility.*  The first *Poulis* factor requires the Court to consider the extent of Plaintiff's personal responsibility in failing to respond to the motions to dismiss. Plaintiff was repeatedly advised of his requirement to file response briefs under the local rules (indeed, Plaintiff was clearly aware of this obligation, because he filed response briefs for all other motions to dismiss in this case); he was expressly directed to respond to Defendant Bonmer's motion and the Commonwealth Defendants' motion; and he was warned by the Court of the possible consequences of failing to timely respond to motions on five separate occasions. (*See* Doc. Nos. 208, 210, 249, 257, 282.)  Because Plaintiff is proceeding *pro se*, his failure to

respond to the Commonwealth Defendants' and Defendant Bonmer's motions cannot be attributed to anyone but him. *See Nieves v. Cnty. to Courthouse to S.C.I. State Prison Transp.,* No. 4:20-CV-1193, 2022 WL 19350600, at *8 (M.D. Pa. Aug. 29, 2022), *report and recommendation adopted*, No. 4:20-CV-1193, 2022 WL 19350590 (M.D. Pa. Sept. 16, 2022) (finding that *pro se* plaintiff who had been directed to respond to motion to dismiss no less than four times "was aware of this obligation" and that "the failure to file a brief in opposition cannot be attributed to anyone but Plaintiff"); *accord Malibu Media, LLC v. Paek*, Civil Action No. 13-2766, 2015 WL 779494, at *2 (E.D. Pa. Feb. 23, 2015) ("Because Defendant is proceeding *pro se*, he alone is responsible for his failure to comply with this Court's orders."); *Jimenez v. Rosenbaum-Cunningham, Inc.*, Civil Action No. 07-1066, 2010 WL 1303449, at *6 (E.D. Pa. Mar. 31, 2010) (holding that the first *Poulis* factor weighed in favor of default judgment even though the defendant did not have counsel because "his *pro se* status [does not] excuse his failure to participate in the litigation" and he failed to present "any excuse for his non-participation in the litigation and his disregard of [the court's] Orders"). Accordingly, the first factor weighs in favor of granting the motions to dismiss.

(2)     *Prejudice.* Next, the Court considers the prejudice that Plaintiff's failure to respond caused the Commonwealth Defendants and Defendant Bonmer. A finding of prejudice in the context of *Poulis* does not require "irremediable harm," rather, "the burden imposed by impeding a party's ability to effectively prepare full and complete trial strategy is sufficiently prejudicial." *Williams-Bearden v. Clouser*, No. 4:20-CV-1495, 2021 WL 4743705, at *2 (M.D. Pa. Oct. 12, 2021) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). This case has been pending for nine months and has not moved past the motion to dismiss stage. Most of that

delay can be attributed to the Court's continued extensions of Plaintiff's response period; first upon Plaintiff's request due to the multitude of pending motions to dismiss, and then by the extensions granted to Plaintiff by the Court *sua sponte*.  But Plaintiff's continued failure to respond to the Commonwealth Defendants' and Defendant Bonmer's motions to dismiss "frustrates and delays the resolution of this matter," thereby causing prejudice to their interest in a timely resolution of this case.  *Id.* (finding prejudice to defendants where plaintiffs had failed to respond to motion to dismiss for six months); *Nieves*, 2022 WL 19350600, at *8 (finding prejudice where case had been pending for two years without resolution of motion to dismiss). As such, the Court finds that the second factor also weighs in favor of granting the motions to dismiss.

(3)      *History of Dilatoriness.*  The Court also considers whether Plaintiff has engaged in a pattern of dilatory conduct throughout the course of the litigation.  *See Adams*, 29 F.3d at 875 ("A party's problematic acts must be evaluated in light of his behavior over the life of the case.").  "Conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness," however, "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or *consistent tardiness in complying with court orders*." *Nieves*, 2022 WL 19350600, at *9 (cleaned up) (emphasis added). In addition to this Court's repeated reminders to respond to Commonwealth Defendant's and Defendant Bonmer's motions to dismiss, the Court has consistently needed to remind Plaintiff to respond to other filings in this matter.  (*See, e.g.*, Doc. No. 210 (reminding Plaintiff to respond to Defendant Bonmer's motion for more definite statement); Doc. No. 249 (reminding Plaintiff to respond to Defendant Dixie Strachnik's motion to dismiss).)  Plaintiff has also struggled to effectuate service on several defendants, further hampering the expedient resolution of this case.

(*See* Doc. No. 272 n.3 (noting that, as of February 16, Defendant Bonmer still had not been properly served); Doc. No. 280 (dismissing Defendants Matt Williams, Sanjay Bridges, and John Frye for lack of service).)  Up until this point, Plaintiff's conduct has been "viewed liberally because he is a *pro se* litigant," but the Court's tolerance for these delays has waned.  *Nieves*, 2022 WL 19350600, at *9; *see also Williams-Bearden*, 2021 WL 4743705, at *2 ("The Court finds that [*pro se*] Plaintiffs have delayed this matter to the extent that [their] conduct constitutes a continuous stream of dilatory conduct.")  Thus, the Court finds that this factor also weighs in favor of the Commonwealth Defendants' and Defendant Bonmer's dismissal.

(4)     *Willful or Bad Faith Conduct.*  The fourth factor requires the Court to assess whether Plaintiff's failure to respond to the motions to dismiss was willful or in bad faith. "Willfulness involves intentional or self-serving behavior, and not mere negligence."  *Nieves*, 2022 WL 19350600, at *9 (quoting *Adams*, 29 F.3d at 875).  The Commonwealth Defendants' motion has been pending for the past five months; during which Plaintiff has filed almost a dozen documents with the Court.[7]  (*See* Doc. Nos. 213, 214, 229, 230, 248, 250, 251, 271, 275, 276, 277.)  In fact, when the Court ordered Plaintiff to respond to the Commonwealth Defendants' motion to dismiss on February 9, 2023, it also ordered Plaintiff to respond to another motion to dismiss that was filed by Defendants Robert Dougherty, Thomas Goggin, John O'Donnell and David Sassa.  (Doc. No. 257.)  Plaintiff promptly responded to that motion (Doc. No. 275), but notably, did not respond to the Commonwealth Defendants' motion.  In fact, none of the documents that Plaintiff has submitted to the Court is a response to the Commonwealth Defendants' motion—a document that he was expressly ordered to file.  *See Nieves*, 2022 WL

---

[7] Plaintiff has also attempted to communicate with the Court via email about this matter (*see, e.g.*, Doc. No. 256), but has never referenced the Commonwealth Defendants' or Defendant Bonmer's motions, let alone requested any further extension to respond to these motions, in his email correspondence.

19350600, at *9 (concluding that plaintiff's failure to respond to motion to dismiss was "not accidental or inadvertent" where plaintiff continued to file miscellaneous documents after being ordered to respond to the motion).

Regarding Defendant Bonmer's motion to dismiss, the Court notes that Plaintiff previously engaged in motion practice with Defendant Bonmer in the context of Defendant Bonmer's motion for more definite statement; indeed, not only did Plaintiff respond to that motion (Doc. No. 213), but the Court granted the motion in Plaintiff's favor (Doc. Nos. 254, 255), and subsequently ordered Plaintiff to engage in a meet-and-confer with Defendant Bonmer's counsel (*see* Doc. Nos. 255, 272).  Considering Plaintiff's past interplay with Defendant Bonmer, the Court concludes that Plaintiff is aware of his obligation to respond to adverse motion practice (and of Defendant Bonmer's opposing position) and yet, has chosen not to respond.  To that end, the Court notes that Defendant Bonmer's motion is the last motion to dismiss to be filed in this case—the Court is not awaiting any other responses to Plaintiff's Complaint from any other defendants.  In fact, 37 motions to dismiss preceded Defendant Bonmer's motion; Plaintiff managed to respond to almost all these motions,[8] the most recent of which was filed three months prior to Defendant Bonmer's.  (*Compare* Doc. No. 215 (filed December 29, 2022); *with* Doc. No. 281 (filed April 11, 2023).)  The Court is satisfied that by the time Defendant Bonmer's motion was filed, Plaintiff was familiar with the proper procedure for responding to a motion to dismiss, and that he no longer had dozens of other motions awaiting his response. *See Williams-Bearden*, 2021 WL 4743705, at *2 ("Plaintiffs' silence and failure to litigate this action leads to an inference that Plaintiffs have willfully abandoned this case.")  These facts reflect Plaintiff's willful disregard for both the Commonwealth Defendants'

---

[8] The sole exception being, of course, the Commonwealth Defendants' motion.

and Defendant Bonmer's motions to dismiss.  Thus, the Court finds that the fourth factor weighs in favor of dismissal.

(5)     *Effectiveness of Other Sanctions.* The fifth factor, the effectiveness of other sanctions, also weighs in favor of dismissal.  The Court acknowledges that "[d]ismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal."  *Nieves*, 2022 WL 19350600, at *9 (citing *Poulis*, 747 F.2d at 868.)  But here, where Plaintiff is proceeding *pro se* and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions, the Court is left with few options.[9]  Plaintiff's failure to comply with the Court's previous orders directing him to file a response supports the inference that further orders would not be effective.  *See id.*; *Williams-Bearden*, 2021 WL 4743705, at *3; *see also Lurwick v. Lehigh Valley Health Network, Inc.*, No. CV 18-0981, 2019 WL 2060070, at *5 (E.D. Pa. May 9, 2019) ("When a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate.").  Therefore, the Court finds this factor weighs in favor of a sanction that grants the Commonwealth Defendants' and Defendant Bonmer's motions as uncontested.

(6)     *Meritoriousness of Claims or Defenses.*  Finally, the Court turns to the sixth factor.  According to *Poulis*, "a claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 870.  The Court is confident in concluding that Plaintiff does not have a meritorious claim against Defendant Bonmer, who is named only in Count IX of the Complaint.  As explained in the Court's Memorandum published on March 31, 2023, Counts VIII and IX are not viable causes of action because they assert civil claims under criminal

---

[9] The Court notes that although Plaintiff is not proceeding *in forma pauperis*, it generally prefers not to levy financial penalties on individuals who are pursuing their claims without the assistance of counsel.

statutes that do not provide a private remedy.  (*See* Doc. No. 278.)  To the extent these Counts are also brought against the Commonwealth Defendants, we hold the same.  As for the remaining Counts against the Commonwealth Defendants, Counts I, II, III, IV, V, VI, and VII, the Court is satisfied that, upon a cursory review of the Complaint, Plaintiff cannot sustain claims of individual liability under Section 1983 for the constitutional deprivations he allegedly suffered.[10] It is not likely that Plaintiff's claims against the Commonwealth Defendants would be meritorious at trial.  Thus, this final factor also weighs in favor of dismissal.

* * *

Taken together, the Court finds that Plaintiff has abandoned his claims against the Commonwealth Defendants and Defendant Bonmer; our analysis of the *Poulis* factors leads us to conclude that dismissal of these defendants is appropriate.

## III.    CONCLUSION

For the reasons set out above, the Commonwealth Defendants' and Defendant Bonmer's motions to dismiss are granted.  An appropriate Order follows.

---

[10] Where, as here, "a plaintiff brings a § 1983 claim against a defendant in his or her individual capacity, the plaintiff must establish that the defendant had "personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  *Byars v. Sch. Dist. of Phila.*, 942 F. Supp. 2d 552, 569 (E.D. Pa. 2013) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal involvement can be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence."  *Id.*  Plaintiff does not articulate how the Commonwealth Defendants could have personally written Octorara School Board's policies, or how they could have individually authorized the administration of those policies against Plaintiff.  Thus, he cannot sustain the First Amendment claims in Counts I, III, IV, VI, and VII against them.  Nor has Plaintiff stated any facts that would demonstrate he was treated differently by these defendants from other similarly situated individuals, such that he could sustain the Fourteenth Amendment equal protection claim he asserts in Count II.  Plaintiff has stated some allegations in his Complaint that, at most, could support a claim of civil rights conspiracy asserted in Count V against Defendant Kochka in his individual capacity, only. (*See* Doc. No. 1 at ¶¶ 131–153 (detailing a traffic stop carried out by Trooper Kochka that occurred after Plaintiff was turned away from an Octorara School Board meeting).)  But that fact, alone, does not outweigh the Court's sum consideration of the *Poulis* factors (especially when the Court is without the benefit of Plaintiff's response to the Commonwealth Defendant's motion, which may have bolstered his allegations against them, and more specifically, against Defendant Kochka).